

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Hon. Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

        Opinion No.O919
        Re: Mileage chargeable by a con-
            stable under the facts of the
            various situations set forth.

    Your request for an opinion on the following questions has been received by this office.

    Your letter reads in part as follows:

    "What, in your opinion, is the correct answer to the following questions relative to mileage a constable may legally charge.

    "(a). When a constable, when hearing of a violation and travels to the place of such violation (without a warrant) or discovers a law violation while such constable is crusing in his car, makes an arrest, transports the prisoner to the jail at the county seat and afterward charges are filed, what mileage may be charged by that consta-ble?

    "(b). When a constable in an outlying precinct hears of or discovers a law violation, without a warrant makes an arrest, transports the prisoner to the office of the Justice of the Peace of his precinct, charges are filed, punishment is assessed, the prisoner is committed jail, the constable transports the prisoner to the jail at the county seat, what mileage may be charged by the constable?

Hon. Tom A. Craven, Page 2

"(c). When a constable is informed by the police department, located in the same city as the county seat, they are holding a certain prisoner that they want transferred to the county jail, after charges are filed and a warrant issued by the proper justice of the peace the constable goes to the city jail secures the prisoner and transports such a prisoner to the county jail, what mileage may be charged by the constable?

"(d). Under the same circumstances as outlined under (c) but the constable travels to the city jail before charges are filed in the proper county court and before warrant is issued, secures the prisoner and transports such prisoner to the county jail, what mileage may be charged by the constable?

"(e). After warrant for arrest is issued the constable, located the defendant, makes the arrest and transports the prisoner to the county jail, what mileage may be charged by the constable?

"(f). McGregor is twenty miles from the county seat. The constable makes an arrest at McGregor, charges are filed with the Justice of the Peace at McGregor, the trial of the defendant is postponed, there are no facilities for keeping a prisoner at McGregor and the constable transports the prisoner to the county jail (twenty miles away). A few days later the constable travels to the county jail, secures the defendant and transports him to McGregor for trial, the defendant is committed to jail and the constable again transports the prisoner to the county jail. What mileage may be charged by the constable?

"All the above questions refer to instances where arrests are made within the county. Constables in McLennan County are on a fee basis."

Article 1065, C. C. P. reads as follows, in part:

"The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

".........

"9. For conveying a prisoner after conviction to the county jail, for each mile, going and coming, by the nearest practicable route by private conveyance, ten cents a mile, or by railway, seven and one-half cents a mile.

".........

"11. For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents. For traveling in the service of process not otherwise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ, or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same."

Article 1067, C. C. P. reads as follows:

"Constables, marshals or other peace officers who execute process and perform services for justices in criminal actions, shall receive the same fees allowed to sheriffs for the same services."

Article 233 of the Code of Criminal Procedure reads as follows:

"The officer, or person executing a warrant of arrest, shall take the person whom he

Hon. Tom A. Craven, Page 4

is directed to arrest forthwith before the
magistrate who issued the warrant, or before
the magistrate named in the warrant."

It is necessary that we bear in mind the fact
that the fee statutes are strictly construed and fees
by implication are not permitted. It is a very settled
matter that the constable, who is compensated on a fee
basis, is not entitled to any fee at all in a misdemeanor
case unless a conviction is obtained. Tex. Jur., Vol. 34,
page 456; McCalla vs. City of Rockdale, 46 SW 654.

The case of Wharton County vs. Ahlday, 19 SW
291, holds in effect that unless the statutes expressly
provide fees by the way of compensation for the particular
services rendered by an officer, the courts have no power
to fix a reasonable compensation therefor as they would
in action between man and man for services rendered in
the absence of a contract.

Under the strict interpretation of the fee sta-
tutes, particularly in criminal cases where the costs are
charged and taxed against defendant, there does not seem
to be any reasonable basis for liberal construction.

In view of the foregoing authorities you are re-
spectfully advised that it is the opinion of this depart-
ment that your questions should be answered as follows:

(a) When a constable is informed of the law vio-
lation and travels to the place of such violation or dis-
covers a law violation while driving in his car, makes an
arrest without a warrant and transports the prisoner to the
jail at the county seat, the constable cannot charge any
mileage.

(b) When a constable in an outlying precinct
hears of or discovers a law violation and makes a legal
arrest without a warrant and transports the prisoner to the
office of the Justice of the Peace of his precinct, where
charges are filed, punishment assessed and the prisoner
committed to jail, the constable is entitled to mileage
fees for conveying the prisoner after conviction to the
county jail for each mile going and coming by the nearest

Hon. Tom A. Craven, Page 5

practical route by private conveyance, ten cents a mile, or by railway, seven and one-half cents a mile.

(c) When a constable is informed by the police department located in the same city as the county seat, they are holding a certain prisoner that they want transferred to the county jail, after charges are filed and a warrant issued by the proper justice of the peace, the constable is entitled to seven and one-half cents per mile actually travelled in going for and returning such prisoner to the county jail.

(d) Under the same circumstances as outlined under (c) but the constable travels to the city jail before the charges are filed in the proper justice court before warrant is issued, secures the prisoner and transports such prisoner to the county jail, such constable would not be entitled to any mileage fee.

(e) After warrant for arrest is issued the constable locates the defendant, makes the arrest and transports the prisoner to the county jail, that constable would be entitled to seven and one-half cents per mile actually and necessarily travelled in going for and returning such prisoner to the county jail.

(f) The constable would be entitled to seven and one-half cents per mile for conveying a prisoner from McGregor to Waco or vice versa, before conviction; provided, the constable had a warrant of arrest for such prisoner, and after conviction in the Justice Court at McGregor, the constable would be entitled to ten cents per mile when traveling by private conveyance, and seven and one-half cents per mile when traveling by railway, when transporting such prisoner from the Justice Court of McGregor to the county jail at the county seat.

Trusting the foregoing answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JUL 13, 1939

APPROVE
OPINION
COMMITTE
BY
CHAIRMAN